**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **GUADALUPE HERNANDEZ,** | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 12-8874** |
| **v.** | ) | |
| | ) | |
| **WISCON CORPORATION and** | ) | |
| **BRETT PICCIONI,** | ) | |
| | ) | |
| | ) | **JURY DEMANDED** |
| **Defendants.** | ) | |

## COMPLAINT

### Nature of the Action

1.      Plaintiff GUADALUPE HERNANDEZ ("Plaintiff" or "Ms. Hernandez")

brings this action against Defendants WISCON CORPORATION, a corporation, and

BRETT PICCIONI (collectively, "Defendants"), pursuant to the Family and Medical

Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2601 *et seq.*  Plaintiff seeks relief from

Defendants for interfering with the exercise of her FMLA rights and retaliating against

her in violation of the FMLA.

### Jurisdiction and Venue

2.      This Court has jurisdiction over Plaintiff's claims under 29 U.S.C. §

2617(a)(2) and 28 U.S.C. § 1331.

3.      This Court is the appropriate venue under 28 U.S.C. § 1391.  The

employment practices hereinafter alleged to be unlawful were committed by Defendants

in Melrose Park, Illinois.

## Parties

4.      Plaintiff Guadalupe Hernandez is a private citizen who currently resides in Chicago, Illinois.  Plaintiff was an "eligible employee" under the FMLA because she had been employed by Defendants for more than twelve months and she had worked at least 1,250 hours in the year preceding her need or request for FMLA leave.  *See* 29 U.S.C. § 2611(2)(a).

5.      Defendant Wiscon Corporation ("the Company") is an Illinois corporation with its principal place of business at 2050 North 15th Ave., Melrose Park, IL.  At all times relevant to this Complaint, the Company was Plaintiff's employer for purposes of the FMLA because it employed 50 or more employees within a 75-mile radius of Plaintiff's workplace for each working day during each of 20 or more calendar workweeks in the current or preceding year.  *See* 29 U.S.C. § 2611(4)(i).

6.      Defendant Brett Piccioni ("Mr. Piccioni") served as Plaintiff's supervisor, and is a general manager for the Company who acted on behalf of the Company to terminate Plaintiff's employment.  Mr. Piccioni is Plaintiff's employer for purposes of the FMLA because he is a person who acts, directly or indirectly, in the interest of the Company.  *See* 29 U.S.C. § 2611(4)(ii)(I).

## Statement of Facts

7.      The Company is a cheese management corporation with multiple locations in the United States.  The Company imports, manufactures and distributes cheese and wine.

8.      The Company hired Plaintiff in 2006 to work in the accounts payable department in Melrose Park, Illinois.  During her employment, Plaintiff had no

performance issues.

9.     On Friday, October 29, 2010, Plaintiff was at work and felt ill.  Mr. Piccioni saw Plaintiff at work that afternoon and told her that she looked horrible and advised her to go see a doctor.  Later that afternoon, Plaintiff called Mr. Piccioni and asked permission to leave work early so that she could go to the doctor.  Mr. Piccioni told Plaintiff that she could do so.  Plaintiff left work and visited the on-call doctor at an emergency walk-in clinic because her regular doctor was unavailable.  The doctor advised Plaintiff that he believed Plaintiff had some kind of virus, but he was unsure why type of virus she had.  The doctor advised Plaintiff to rest over the weekend and take an over-the-counter nasal spray medication.  Plaintiff rested and took the nasal spray as advised.

10.     When Plaintiff still felt ill on Monday, November 1, 2010, she called in sick to work that morning, leaving  messages for Mr. Piccioni and coworker April Schwartz.  She also called and spoke to Mark Toper, telling him she would be out sick that day.  She likewise called in sick on Tuesday, November 2, 2010, including leaving a message for Mr. Piccioni.  On Wednesday, November 3, 2010, she again called Mr. Piccioni and left a message, advising that she was still ill and that that she would be out sick for the rest of the week.

11.     That day, Wednesday, November 3, 2010, Ms. Hernandez visited her own doctor at the same clinic she had previously visited, and was diagnosed with acute bronchitis.  Plaintiff's doctor prescribed medications to Plaintiff, including a course of antibiotics commonly known as a Z-Pak.  Plaintiff took the prescription medications, including antibiotics, as her doctor prescribed.

12.     On Monday, November 8, 2010, Plaintiff returned to work while

continuing the course of treatment. She called Mr. Piccioni when she arrived at work and advised him that she was back in the office and offered to fax him with the note she had received from her doctor the previous Wednesday, November 3, 2010, regarding her illness and stating that she needed to be out of the office the remainder of that previous week. Plaintiff's supervisor, Mr. Piccioni, declined Plaintiff's offer to provide this documentation, which related to the nature of her illness and course of treatment pursuant to the FMLA. Mr. Piccioni advised Plaintiff to continue working.

13.     Later that morning, approximately fifteen minutes after Plaintiff had called him, Mr. Piccioni came to Plaintiff's office. He then brought Mark Toper to Plaintiff's office to serve as a witness, and advised Plaintiff that he had spoken to the company President Natale Caputo, and that he and Mr. Caputo had decided to terminate Plaintiff's employment at that time, because it hurt the company when she had been absent the previous week.

### Applicable Law – The Family and Medical Leave Act of 1993

14.     The FMLA guarantees that eligible employees may take leave "because of a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D).

15.     Plaintiff's diagnosed bronchitis qualifies as a "serious health condition" because it involved continuing treatment by a healthcare provider. *See* 29 C.F.R. § 825.113(a).

16.     "Continuing treatment" for a serious health condition under the FMLA involves a period of incapacity for more than three consecutive, full calendar days as well as treatment by a healthcare provider on at least one occasion, which results in a regimen

of continuing treatment. 29 C.F.R. § 825.115(a).

17.     Plaintiff underwent a "regimen of continuing treatment" for the purposes

of the FMLA because she received a course of prescription medication, including

antibiotics. *See* 29 C.F.R. § 825.113(c).

18.     Plaintiff is an "eligible employee" under the FMLA because she is an

employee who has been employed (a) for at least 12 months by the employer with respect

to whom leave is requested, and (b) for at least 1,250 hours of service with such employer

during the previous 12-month period. *See* 29 U.S.C. § 2611(2)(A).

19.     Defendant Wiscon Corporation is a covered employer under the FMLA

because it is company engaged in commerce or in any industry or activity affecting

commerce who employs 50 or more employees for each working day during each of 20 or

more calendar workweeks in the current or preceding calendar year. *See* 29 U.S.C. §

2611(4)(A)(i).

20.     Defendant Brett Piccioni is a covered employer under the FMLA because

he is a person who acts, directly or indirectly, in the interest of an employer to any of the

employees of such employer. *See* 29 U.S.C. § 2611(4)(A)(ii)(I).

21.     In cases such as Plaintiff's, where FMLA leave is not foreseeable, the

employee must provide the employer with "such notice as is practicable." 29 U.S.C. §

2612(e)(1). Plaintiff provided such notice by calling in to her employer when she was

aware she was sick and would need to be absent from work.

22.     Upon returning from FMLA leave, the employee must be restored to the

position the employee held when the leave commenced or to an "equivalent position with

equivalent employment benefits, pay, and other terms and conditions of employment."

29 U.S.C. § 2614(a)(1). The Company and Mr. Piccioni failed to restore Plaintiff to her position upon her return.

23.     It is unlawful for an employer to interfere with, restrain, or deny the exercise of or the attempt to exercise an employee's FMLA rights. 29 U.S.C. § 2615(a)(1).

24.     It is also unlawful for an employer to discharge or in any other manner discriminate against any individual who takes FMLA leave. 29 U.S.C. § 2615(a)(2).

### Count I:  Interference with FMLA Rights

25.     Plaintiff hereby restates the allegations in paragraphs 1-24 as if fully set forth herein.

26.     Plaintiff's bronchitis and subsequent treatment were a serious health condition that qualified her for FMLA leave.

27.     In violation of the FMLA, Defendants interfered with Plaintiff's FMLA rights by terminating her employment in November, 2010, for absences which should have been excused as unpaid leave under the FMLA.

28.     Defendants' FMLA violations were willful, not in good faith, and they did not have reasonable grounds for believing that their actions were not in violation of 29 U.S.C. § 2615.

29.     Defendant Brett Piccioni acted in the interests of defendant Wiscon Corporation in terminating Ms. Hernandez's employment.

**WHEREFORE**, Plaintiff Guadalupe Hernandez respectfully requests that this Court:

A.      Pursuant to any jury verdict for Plaintiff, direct Defendants to pay damages

equal to the amount of wages, salary, employment benefits, and other compensation which she was denied or lost as a result of the violations, plus pre- and post-judgment interest on this amount at the prevailing rate, pursuant to 29 U.S.C. § 2617(a)(1)(A)(i);

        B.      Pursuant to any jury verdict for Plaintiff, direct Defendants to also pay liquidated damages for Defendants' willful FMLA violations equal to the amount of wages, salary, employment benefits, and other compensation which she was denied or lost (as described in the preceding paragraph) plus interest, pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

        C.      Award Plaintiff reasonable attorney's fees and her costs in bringing this action, including reasonable expert witness fees and other costs of the action to be paid by Defendants pursuant to 29 U.S.C. § 2617(a)(3);

        D.      Award Plaintiff reinstatement in her position in accounts payable, or if reinstatement is not feasible, award her a reasonable amount of front pay; and

        E.      Grant such other relief as the Court deems is just and proper.

### Count II:  Retaliation Under the FMLA

30.      Plaintiff hereby restates the allegations in paragraphs 1-29 as if fully set forth herein.

31.      Plaintiff's bronchitis and subsequent treatment were a serious health condition that qualified her for FMLA leave.

32.      In violation of the FMLA, Defendants retaliated against Ms. Hernandez because of her absences, which should have been excused as unpaid leave under the FMLA, by terminating her employment in November, 2010.

33.      Defendants' FMLA violations were willful, not in good faith, and they did

not have reasonable grounds for believing that their actions were not in violation of 29 U.S.C. § 2615.

34.     Defendant Brett Piccioni acted in the interests of defendant Wiscon Corporation in terminating Ms. Hernandez's employment.

**WHEREFORE**, Plaintiff Guadalupe Hernandez respectfully requests that this Court:

A.     Pursuant to any jury verdict for Plaintiff, direct Defendants to pay damages equal to the amount of wages, salary, employment benefits, and other compensation which she was denied or lost as a result of the violations, plus pre- and post-judgment interest on this amount at the prevailing rate, pursuant to 29 U.S.C. § 2617(a)(1)(A)(i);

B.     Pursuant to any jury verdict for Plaintiff, direct Defendants to also pay liquidated damages for Defendants' willful FMLA violations equal to the amount of wages, salary, employment benefits, and other compensation which she was denied or lost (as described in the preceding paragraph) plus interest, pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

C.     Award Plaintiff reasonable attorney's fees and her costs in bringing this action, including reasonable expert witness fees and other costs of the action to be paid by Defendants pursuant to 29 U.S.C. § 2617(a)(3);

D.     Award Plaintiff reinstatement in her position in accounts payable, or if reinstatement is not feasible, award her a reasonable amount of front pay; and

E.     Grant such other relief as the Court deems is just and proper.

### Demand for Jury

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury in this action of all issues so triable.

Dated:  November 5, 2012

Respectfully submitted,

**GUADALUPE HERNANDEZ**

By: _____

One of Her Attorneys

Amy Graham Doehring (#6272148)
Monica Quinn Halloran (#6287146)
McDermott Will & Emery LLP
227 West Monroe Street
Chicago, Illinois  60606
Telephone:  (312) 372-2000
Facsimile:  (312) 984-7700

Timothy Huizenga
Alice Setrini (#6282111)
Legal Assistance Foundation
120 South LaSalle Street, Suite 900
Chicago, IL  60603-3425
Telephone:  (312) 341-1070

DM_US 36480445-1.099730.0055