IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GUADALUPE HERNANDEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.: 12-8874 |
| | ) | |
| WISCON CORPORATION and | ) | |
| BRETT PICCIONI, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

The Defendants, WISCON CORPORATION and BRETT PICCIONE, by their attorney, John D. Spina, in answer to Plaintiff's complaint, allege as follows:

### Nature of Action

1. Defendants neither admit nor deny the statements in paragraph one as said paragraph does not contain any allegation of fact.

### Jurisdiction and Venue

2. Defendants admit only that this Court has jurisdiction over claims under 29 U.S.C. Sec. 2617(a)(2) and 28 U.S.C. Sec. 1331. Defendants deny a violation of either of said laws.

3. Defendants admit that the allegations of the complaint, if proven, make venue appropriate pursuant to 28 U.S.C. Sec. 1391.

### Parties

4. Defendants admit that plaintiff resides in Chicago, Illinois and admit that Plaintiff was employed by Wiscon Corporation as a full time employee for more

than twelve months preceding her discharge. Defendants deny that plaintiff requested FMLA leave and deny that Defendants violated the FMLA.

5.  Defendants admit the allegations of paragraph five.

6.  Defendants deny that Brett Piccioni was plaintiff's supervisor. Defendants admit that Brett Piccioni is a general manager of the company.

## Statement of Facts

7.  Defendants admit the allegations in paragraph seven.

8.  Defendants admit that plaintiff was hired in 2006. Defendants specifically deny the allegation in paragraph eight that the plaintiff had no performance issues.

9.  Defendants deny the allegations in paragraph nine.

10. Defendants deny the allegations in paragraph ten.

11. Defendants were never advised of the facts alleged in paragraph eleven and, therefore, have insufficient information to either admit or deny the allegations in paragraph eleven. Defendants deny and demand proof of each of the allegations in paragraph eleven.

12. Defendants deny the allegations in paragraph twelve.

13. Defendants admit only that the plaintiff was discharged by Brett Piccioni upon the decision of Natale Caputo. Defendants deny the remaining allegations of paragraph thirteen.

## Applicable Law – The Family and Medical Leave Act of 1993

14. The FMLA speaks for itself, to the extent the allegations of paragraph fourteen misstate said statute the Defendants deny the allegations of paragraph fourteen.

15. Defendants deny the allegations of paragraph fifteen.

16. The FMLA speaks for itself, to the extent the allegations of paragraph sixteen misstate said statute the Defendants deny the allegations of paragraph sixteen.

17. Defendants deny the allegations of paragraph seventeen.

18. Defendant admits that plaintiff was a full time employee for the 12 months preceding her discharge but specifically deny a violation of the FMLA or that the plaintiff is entitled to any relief under the FMLA.

19. Defendants admit the allegations of paragraph nineteen.

20. Defendants admit the allegations of paragraph twenty.

21. Defendants deny the allegations of paragraph twenty-one.

22. Defendants admit only that plaintiff was discharged. Defendants deny that plaintiff was discharged in violation of the FMLA.

23. The FMLA speaks for itself, to the extent the allegations of paragraph twenty-three misstate said statute the Defendants deny the allegations of paragraph twenty-three.

24. The FMLA speaks for itself, to the extent the allegations of paragraph twenty-four misstate said statute the Defendants deny the allegations of paragraph twenty-four.

## Count I – Interference with Plaintiff's FMLA Rights

25. Defendants hereby restate their answers to paragraphs 1 – 24 as if fully set forth herein.

26. Defendants deny the allegations of paragraph twenty-six.

27. Defendants deny the allegations of paragraph twenty-seven.

28. Defendants deny the allegations of paragraph twenty-eight.

29. Defendants admit that Brett Piccioni acted in the interests of Wiscon Corporation but deny that any of his actions violated the FMLA.

## Count II: Retaliation Under the FMLA

30. Defendants hereby restate their answers to paragraphs 1 – 29 as if fully set forth herein.

31. Defendants deny the allegations of paragraph thirty-one.

32. Defendants deny the allegations of paragraph thirty-two.

33. Defendants deny the allegations of paragraph thirty-three.

34. Defendants admit that Brett Piccioni acted in the interests of Wiscon Corporation but deny that any of his actions violated the FMLA.

## AFFIRMATIVE DEFENSES

The Defendants, WISCON CORPORATION and BRETT PICCIONE, by their attorney, John D. Spina, allege the following affirmative defenses to Plaintiff's complaint:

### Affirmative Defense #1: Statute of Limitations

The plaintiff failed to commence this action within the time limits prescribed in 29 U.S.C. Sec. 2617, or otherwise.

### Affirmative Defense #2: Failure to Mitigate

The plaintiff failed to mitigate her damages by seeking substitute employment, or otherwise.

Wherefore, the Defendants, WISCON CORPORATION and BRETT PICCIONI, request this Honorable Court to deny all relief requested by Plaintiff and for entry of Judgment in favor of Defendants and against Plaintiff on all Counts of her complaint.

Respectfully submitted,

WISCON CORPORATION
BRETT PICCIONI

By: /s/ John D. Spina .
Attorney for Defendants

John D. Spina (ARDC #: 6198152)
Spina McGuire & Okal, P.C.
Attorneys for Defendants
7610 W. North Avenue
Elmwood Park, IL 60707
708-453-2800